## ELBRIDGE MANN *vs.* SILAS MIRICK.

If a debtor who has been arrested on an execution and entered into a recognizance under Gen. Sts. *c.* 124, § 10, appears by attorney but not personally at the time and place fixed for his examination, the magistrate may entertain a motion of the attorney for an adjournment of the case to another time within thirty days from the day of the arrest, and may hold the motion under consideration till after the expiration of the hour, and the departure of the creditor's attorney, and then grant the same; and may discharge the debtor at such adjourned hearing.

CONTRACT against a surety in a recognizance, the condition of which provided that the judgment debtor, who had been arrested on an execution in favor of the plaintiff, should within thirty days deliver himself up for examination, giving notice of the time and place thereof, and duly appear, making no default, and abide the final order of the magistrate thereon.

At the trial in the superior court, before *Wilkinson,* J., it appeared that a time and place were duly fixed for the examination of the debtor and notice given ; that the debtor and plaintiff both appeared by counsel, but not personally, and the debtor's attorney within the hour moved for an adjournment to another time within the thirty days, to which the plaintiff's attorney objected ; that after the expiration of the hour, and while the magistrate held the motion under consideration, the plaintiff's

attorney departed, and thereafter the magistrate granted the motion; that the plaintiff's attorney did not appear at the time to which the case was adjourned, and the magistrate thereupon granted another adjournment to a time within the thirty days, notice of which was given to the plaintiff's attorney; and that, at such adjourned hearing, the magistrate discharged the debtor, the plaintiff not appearing.

The judge upon these facts directed a verdict for the defendant, and the plaintiff alleged exceptions.

*T. G. Kent,* for the plaintiff.

*H. B. Staples,* (*L. H. Wakefield* with him,) for the defendant.

GRAY, J. It is doubtless the duty of a debtor who has entered into a recognizance under Gen. Sts. *c.* 124, § 10, to appear in person before a magistrate at the time fixed for his examination, and the examination cannot well proceed in his absence. But the statute expressly provides that " the magistrate may adjourn the case from time to time, and shall have the same powers with respect to all other incidents thereto, as justices of the peace or other courts have in civil actions." Gen. Sts. *c.* 124, § 16. It is within the power of any court, in a civil action to which the defendant is bound to answer in person, to allow him, on account of sickness, or accident, or any other cause satisfactory to the court, to appear by attorney for the purpose of moving for a postponement of the trial. No more than this was done in the present case. The motion for an adjournment was made within the hour appointed for the examination, and the fact that the magistrate held it under consideration until after the hour had expired and the creditor's attorney had departed does not invalidate the order adjourning the case. At the time to which the case was adjourned the debtor appeared, and after another adjournment, of which notice was given to the creditor, he was discharged by the magistrate, within thirty days from the time of his arrest. The defendant was thus lawfully discharged from his recognizance, and the plaintiff cannot maintain this action.                         *Exceptions overruled.*